FILED
2020 Mar-05  AM 10:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **TIFFANY EDWARDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CASE NO.: 7:19-cv-01304-RDP** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SCHNELLECKE LOGISTICS** | ) | |
| **ALABAMA, LLC,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, Ms. Tiffany Edwards ("Ms. Edwards" or "Plaintiff"), by and through her undersigned counsel, and files this First Amended Complaint against the Defendant, Schnellecke Logistics Alabama, LLC ("Schnellecke" or "Defendant"). As grounds for this First Amended Complaint, Plaintiff states the following:

### JURISDICTION AND VENUE

1.      This is a suit authorized and brought to secure protection of and to redress the deprivation of rights secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," codified at 42 U.S.C. § 2000e *et seq*., as amended by the "Civil Rights Act of 1991" and the "Pregnancy Discrimination Act of 1978,"

(hereinafter referred to as "Title VII"), and the Family Medical Leave Act of 1993, codified at 29 U.S.C. § 2601 *et seq*. (hereinafter referred to as "FMLA").

2.      Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      The venue of this action is properly placed in the Northern District of Alabama pursuant to 28 U.S.C. § 1391 because Plaintiff's claims accrued in Tuscaloosa County, Alabama.

## ADMINISTRATIVE EXHAUSTION

4.      Plaintiff filed a Charge of discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), on or about March 16, 2018. (See Exhibit "A").   Charge No. 420-2018-02397 (the "Charge") alleged that Defendant subjected Plaintiff to sex discrimination and retaliation.

5.      The EEOC issued a Dismissal and Notice of Rights (hereinafter the "RTS Notice") for the Charge to Plaintiff on May 16, 2019. (See Exhibit "B").

6.      Plaintiff filed her original Complaint (Doc. 1) within ninety (90) days of Plaintiff's receipt of the RTS Notice; thus, Plaintiff exhausted all administrative remedies available prior to filing the original Complaint.

7.      Plaintiff's new claim for Pregnancy Discrimination in violation of Title VII is related to the allegations in Charge No. 420-2018-02397, in that Plaintiff alleged discrimination on the basis of sex, of which discrimination of pregnancy is a form.

8.     Plaintiff has thus met all administrative requirements prior to filing this First Amended Complaint.

## **PARTIES**

9.     Plaintiff is a citizen of the United States of America, is over the age of nineteen (19) years, and was a resident of Tuscaloosa County, Alabama, during all times relevant to the Complaint.

10.     Plaintiff was an FMLA eligible employee in that she worked for the Defendant for more than twelve (12) months and had worked more than 1,250 hours within the preceding twelve (12) months, pursuant to 29 U.S.C. § 2611(2).

11.     Defendant is an employer in the State of Alabama within the meaning of 42 U.S.C. § 2000e(b), in that it engages in an industry affecting commerce and employed fifteen (15) or more employees for the requisite duration under Title VII.

12.     Defendant engages in an industry affecting commerce and employed fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or preceding calendar year, pursuant to 29 U.S.C. § 2611(4).

13.     Defendant was Plaintiff's employer during all times relevant to this Complaint.

14.     Defendant operates at a location in Tuscaloosa County, located at 22479 Bucksville Road, McCalla, Alabama 35111.

15.    The events underlying this cause of action occurred in Tuscaloosa County, Alabama.

## **FACTUAL ALLEGATIONS**

16.    Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifteen (15) above with the same force and effect as if fully set out in specific detail herein below.

17.    Plaintiff is a woman.

18.    Defendant provides logistics support to Mercedes Benz U.S. International ("MBUSI"), located in Vance, Alabama.

19.    In January 2017, Defendant hired Plaintiff to work as an Inventory Clearing Specialist at MBUSI.

20.    In the fall of 2017, Plaintiff learned that she was pregnant.

21.    Plaintiff's due date was April 24, 2018.

22.    On or about October 1, 2017, Defendant approved Plaintiff's requests for intermittent and continuous leave pursuant to the FMLA, from November 1, 2017 through July 17, 2018.

23.    Defendant approved Plaintiff's request for intermittent leave from November 1, 2017 through April 24, 2018, for standard prenatal appointments.

24.    Defendant approved Plaintiff's request for continuous leave from April 25, 2018 through July 17, 2018, for time off to care for her newborn after birth.

25.     While approved for FMLA, Plaintiff took time off work to attend prenatal doctor's appointments, as needed.

26.     Additionally, throughout Plaintiff's employment, Plaintiff's male co-worker, Andrea Mabry ("Mr. Mabry"), consistently made inappropriate sexual comments toward Plaintiff and about other women.

27.     Mr. Mabry's comments made Plaintiff and her female co-workers uncomfortable.

28.     Plaintiff told Mr. Mabry to stop making his harassing comments.

29.     Mr. Mabry's conduct escalated when, on or about February 20, 2018, Mr. Mabry took three (3) photos of Plaintiff's butt while she was bent over, and began showing the photos to other employees.

30.     Plaintiff, in good faith believed that Mr. Mabry's conduct constituted sexual harassment.

31.     A reasonable, third party would believe that Mr. Mabry's conduct constituted sexual harassment.

32.     In fact, Plaintiff's other female co-workers witnessed Mr. Mabry's conduct towards Plaintiff and believed Mr. Mabry's conduct constituted sexual harassment.

33.     Two (2) days later, on Thursday, February 22, 2018, Plaintiff reported Mr. Mabry's conduct to Defendant.

34.     That same day, Plaintiff met with Jil Allen ("Ms. Allen"), a Human Resources ("HR") representative for Defendant, to discuss Mr. Mabry's conduct.

35.     Plaintiff followed up with Ms. Allen on Friday, February 23, 2018, about Mr. Mabry's conduct.

36.     Ms. Allen acknowledged that Plaintiff was uncomfortable and visibly upset on February 22, 2018, when she reported Mr. Mabry's sexually inappropriate behavior to HR.

37.     In fact, Ms. Allen informed Plaintiff that Mr. Mabry's sexually inappropriate behavior "would have upset [her] if it had happened to [her]."

38.     Defendant then inexplicably sent Plaintiff home.

39.     Defendant did not send Mr. Mabry home.

40.     Defendant did not reprimand, transfer, suspend, or otherwise discipline Mr. Mabry in response to Plaintiff's report.

41.     During that same meeting, Plaintiff discussed her pregnancy with Ms. Allen.

42.     Specifically, Plaintiff informed Ms. Allen that she intended to take time off related to her pregnancy.

43.     Ms. Allen discussed FMLA with Plaintiff and let her know that she needed to contact Defendant's third-party FMLA administrator, Sun Life Financial.

44.     At that time, Plaintiff informed Ms. Allen that she had already contacted Sun Life Financial and that she would be taking FMLA leave, for which she was already approved.

45.     A couple of days later, February 24, 2018, was a "mandatory working Saturday" for Plaintiff.

46.     Plaintiff contacted Defendant to confirm that her employment had not been suspended, or otherwise being subjected to discipline.

47.     Defendant confirmed that Plaintiff had not been suspended.

48.     Plaintiff reported to work for the mandatory, Saturday shift.

49.     Defendant terminated Plaintiff's employment the following Wednesday, February 28, 2018.

50.     Defendant's male employee, Mr. Mabry, subjected Plaintiff to a sexually hostile work environment.

51.     At the time of her termination, Plaintiff was approximately seven (7) months pregnant and about to be on approved continuous leave to care for her baby.

52.     Defendant terminated Plaintiff nearly immediately after she reported sexual harassment and discussed her pregnancy with Ms. Allen and notified her about her FMLA leave, which had already been approved.

## COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII

53.     Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifty-two (52) above with the same force and effect as if fully set out in specific detail herein below.

54.     Plaintiff is a woman and a member of a protected class.

55.     Plaintiff was and remains qualified to perform the duties of the Inventory Clearing Specialist.

56.     Plaintiff performed her job responsibilities for Defendant satisfactorily up to the date of her termination.

57.     Defendant's employee, Mr. Mabry, made numerous, inappropriate sexual comments to and about women, including Plaintiff, in Plaintiff's presence.

58.     On or about February 20, 2018, Defendant's employee, Mr. Mabry, took three (3) photos of Plaintiff while she was bent over, working, and showed the photos to other employees.

59.     Defendant's employee, Mr. Mabry, did this to humiliate, embarrass, and shame Plaintiff.

60.     Plaintiff reported Mr. Mabry's conduct to Defendant on February 22, 2018.

61.     The following day, Defendant inexplicably sent Plaintiff home.

62.     Defendant did not send Mr. Mabry home.

63.    Defendant terminated Plaintiff's employment four (4) days later.

64.    Defendant did not terminate Mr. Mabry for the conduct Plaintiff reported to Defendant.

65.    Defendant's decision to terminate Plaintiff was motivated by her sex.

66.    Defendant's unlawful discrimination resulted in Plaintiff being deprived of income. Defendant's unlawful discrimination also caused and continues to cause Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT II: SEX (PREGNANCY) DISCRIMINATION IN VIOLATION OF TITLE VII

67.    Plaintiff re-alleges and incorporates by reference paragraphs one (1) through sixty-six (66) above with the same force and effect as if fully set out in specific detail herein below.

68.    Plaintiff is a member of a protected class under Title VII in that she is a woman.

69.    At all times relevant to this Complaint, Plaintiff was qualified to perform her job responsibilities as Inventory Clearing Specialist.

70.    Plaintiff performed her job responsibilities for Defendant satisfactorily up to the date of her termination.

71.    Plaintiff became pregnant during her employment with Defendant; Plaintiff's due date was April 24, 2018.

72.     In or around November 2017, Plaintiff requested, and was approved for, FMLA leave related to her pregnancy.

73.     Specifically, Defendant approved Plaintiff's requests for intermittent leave to attend prenatal doctor's appointments as needed, and for continuous leave once the baby was born.

74.     Plaintiff took time off as needed to attend prenatal doctor's appointments.

75.     On or about February 22, 2018, Plaintiff discussed her pregnancy with Ms. Allen in Human Resources.

76.     Plaintiff informed Ms. Allen about the time off she anticipated taking after the birth of her baby.

77.     Less than one (1) week later, Defendant terminated Plaintiff's employment.

78.     At the time of her termination, Plaintiff was approximately seven (7) months pregnant.

79.     Defendant terminated Plaintiff approximately one (1) month before she was approved to take continuous time off to care for her newborn.

80.     Defendant's decision to terminate Plaintiff was motivated by her pregnancy.

81.    Defendant's unlawful discrimination resulted in Plaintiff being deprived of income. Defendant's unlawful discrimination also caused and continues to cause Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII

82.    Plaintiff re-alleges and incorporates by reference paragraphs one (1) through eight-one (81) above with the same force and effect as if fully set out in specific detail herein below.

83.    Plaintiff is a woman and a member of a protected class.

84.    Plaintiff opposed conduct made unlawful by Title VII when she reported to Defendant that Mr. Mabry was sexually harassing her.

85.    Plaintiff exercised a protected right under Title VII when she reported Mr. Mabry's conduct on February 22, 2018.

86.    Plaintiff believed in good faith at the time that Mr. Mabry's misconduct constituted sexual harassment and that it violated Title VII.

87.    A reasonable person would also believe that Mr. Mabry's misconduct constituted sexual harassment, in violation of Title VII.

88.    In fact, Ms. Allen stated that if Mr. Mabry had treated her in the same way that he treated Plaintiff, she would have been upset.

89.     The following day, Defendant sent Plaintiff home while it purportedly investigated her complaint.

90.     Defendant did not send Mr. Mabry home.

91.     Just four (4) days after Plaintiff reported sexual harassment, Defendant terminated her employment.

92.     Defendant terminated Plaintiff's employment because she opposed conduct made unlawful by Title VII.

93.     As a result of Defendant's unlawful discrimination, Plaintiff has been deprived of income. The conduct described above also causes Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

## COUNT IV: FMLA INTERFERENCE

94.     Plaintiff re-alleges and incorporates by reference paragraphs one (1) through ninety-three (93) above with the same force and effect as if fully set out in specific detail herein below.

95.     Plaintiff was entitled to take intermittent and continuous FMLA leave during her employment with Defendant.

96.     Defendant approved Plaintiff's requests for intermittent and continuous leave from November 1, 2017 through July 17, 2018.

97.     While approved for FMLA, Plaintiff took time off as needed to attend prenatal doctor's appointments.

98.     On or about February 22, 2018, Plaintiff informed Ms. Allen that she would be exercising her federally protected rights under the FMLA by taking time off related to her pregnancy.

99.     Nearly immediately after, Defendant terminated Plaintiff's employment, on or about February 28, 2018.

100.    Defendant interfered with Plaintiff's right to take FMLA leave by terminating her while she was exercising her federally protected right to take time off work to attend prenatal appointments as needed.

101.    Defendant allegedly terminated Plaintiff for reporting to work on a mandatory Saturday, despite the fact that Plaintiff was scheduled to work.

102.    Defendant prohibited Plaintiff from exercising her FMLA rights though interfering with Plaintiff's right to take days pursuant to FMLA by terminating her employment almost immediately after she informed HR of her FMLA leave.

## COUNT V: FMLA RETALIATION

103.    Plaintiff re-alleges and incorporates by reference paragraphs one (1) through one-hundred and two (102) above with the same force and effect as if fully set out in specific detail herein below.

104.    Plaintiff engaged in statutorily protected conduct by requesting intermittent and continuous leave under the FMLA, which Defendant approved from November 1, 2017 through July 17, 2018.

105.    Plaintiff took time off as needed for her prenatal appointments.

106.    On or about February 22, 2018, Plaintiff informed Ms. Allen that she would need time off related to her pregnancy.

107.    Ms. Allen discussed FMLA with Plaintiff.

108.    At that time, Plaintiff informed Ms. Allen that she had already contacted Sun Life Financial and that she would be exercising her federally protected rights under the FMLA.

109.    Almost immediately after, Defendant terminated Plaintiff's employment, on or about February 28, 2018, while Plaintiff was on approved FMLA leave.

110.    Defendant allegedly terminated Plaintiff for reporting to work on a mandatory Saturday, despite the fact that Plaintiff was scheduled to work.

111.    As a direct result of Plaintiff's requests for leave, Defendant terminated Plaintiff, on or about February 28, 2018.

112.    Defendant terminated Plaintiff because of her FMLA leave.

113.    Plaintiff suffered severe damages as a result of Defendant's actions in terminating Plaintiff.

WHEREFORE, premises considered, Plaintiff demands judgment against Defendant for back wages, front wages, compensatory and punitive damages, consequential damages, incidental damages, liquidated damages for violation of the FMLA, costs and expenses of this action, including interest, attorney's fees, and any other relief which she may be entitled.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

*s/ Joshua A. Wrady*
Joshua A. Wrady (ASB-9617-J68W)
*Attorney for Plaintiff*

**WRADY & MICHEL, LLC**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Joshua@wmalabamalaw.com
Tel:   (205) 980-5704
Fax:   (205) 994-2819

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 5, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

T. Matthew Miller
Anne Knox Averitt
Attorneys Defendant
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL  35203
mmiller@bradley.com
aaveritt@bradley.com

*s/ Joshua A. Wrady*
Joshua A. Wrady (ASB-9617-J68W)

16